1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WENDELL M ARMSTEAD JR et al., <br><br> Plaintiffs, <br><br> v. <br><br> RONALD HAYNES et al., <br><br> Defendants. | CASE NO. 3:20-CV-05327-RJB-JRC <br><br> ORDER |

On April 24, 2020, the Court ordered plaintiffs to show cause as to why all but the first named plaintiff (Armstead) should not be dismissed without prejudice to the institution of new, separate lawsuits. Dkt. 2 (order to show cause on severance), 4, 5. After several extensions, on December 10, 2020, plaintiffs, through newly retained counsel, filed a response to the Court's order to show cause. Dkt. 34, 35. The Court declines to recommend severance of plaintiffs at this time and grants plaintiffs leave to file an amended complaint on or before January 29, 2021. The Court declines to address the issue of class certification at this time.

ORDER - 1

### 1. Leave to Amend Complaint

Plaintiffs move for leave to amend the complaint to name plaintiffs Armstead, Colbert, Lewis, Galbert, Rogers, and Armstrong as representatives of the class or as consolidated plaintiffs. Dkt. 34. Plaintiffs state that they are completing applications to proceed *in forma pauperis* ("IFP") to request that their filing fees be waived. *Id.*

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Plaintiffs move to amend the complaint prior to service and prior to the filing of a responsive pleading. *See* Dkt. 34. Therefore, plaintiffs have the right to file an amended complaint as a matter of course. "When the plaintiff has the right to file an amended complaint as a matter of course, [ ] the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." *Thomas v. Home Depot U.S.A., Inc.*, 2T07 WL 2140917, * 2 (N.D. Cal. July 25, 2007) (quoting *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007)).

In addition, since the entry of the Court's order, plaintiffs have retained counsel. *See* Dkt. 27. Considering the current procedural posture, the appearance of counsel on plaintiffs' behalf has alleviated many of the inherent procedural difficulties previously outlined by the Court relevant to pursuing joint *pro se* prisoner litigation. *See* Dkt. 2 at 4-6 (citing Fed. R. Civ. P. 11 ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented.") and Fed. R. Civ. P. 5.). Therefore, the Court grants plaintiffs' request

ORDER - 2

1  for leave to file an amended complaint, and the Court declines to recommend severance at this
2  time. Plaintiffs shall file an amended complaint on or before January 29, 2021.
3  Along with an amended complaint, plaintiffs must concurrently file individual IFP
4  applications on or before January 29, 2021. The Court notes that plaintiff Juwan M.
5  Everybodytalksabout (fka William) has filed a proposed IFP application. *See* Dkt. 25. However,
6  it is not clear if plaintiff Everybodytalksabout (fka William) will be named in the amended
7  complaint. Therefore, the Court will only consider IFP applications which are filed concurrently
8  with the amended complaint.

9  **2. Class Certification**

10  In the April 2020 order, the Court found that plaintiffs, proceeding *pro se* and without
11  counsel at the time this action was filed, were not qualified to act as class representatives as they
12  are unable to fairly represent and adequately protect the interests of the class. Dkt. 2 at 3 (citing
13  Fed. R. Civ. P. 23(a) and *Russell v. United* States, 308 F.2d 78, 79 (9th Cir. 1962) (holding that
14  "a litigant appearing in propria persona has no authority to represent anyone other than
15  himself")). Accordingly, the Court denied the request for class certification without prejudice.
16  *See* Dkt. 2.

17  Plaintiffs now argue that a decision on class certification is premature at this stage of
18  litigation, *see* Dkt. 34 at 2-5. Plaintiffs also argue that there are several common issues to the
19  class which warrants class certification, *see* Dkt. 34 at 8-10.

20  While the procedural posture of this case has now changed based on the appearance of
21  plaintiffs' counsel, plaintiffs have not been granted IFP status or paid the filing fee. The amended
22  complaint has not been filed or served, and the Court does not have jurisdiction over any of the
23  named defendants at this time. Therefore, it would be premature to consider class certification at
24

1    this time. *See Dunbar v. Google, Inc.,* 2012 WL 6202797 (N.D. Cal. Dec. 12, 2012) ("[I]n light
2    of Rule 15(a)'s prescription that courts should 'freely give leave when justice so requires,' the
3    [c]ourt thinks it prudent to allow Plaintiff leave to amend so that his Amended Class definition
4    may be fully tested in the context of a Motion for Class Certification.").

5        Plaintiffs further argue that "Ford's motion to strike Plaintiffs' class allegations is
6    premature and should await a decision on class certification." Dkt. 34 at 4-5. Plaintiffs "submit
7    that Ford's motion to strike should therefore be denied, without prejudice, to Ford's ability to
8    oppose class certification on these same grounds." *Id.* However, there is no pending motion to
9    strike in this matter, and defendants have not yet been served. *See* Dkt. Accordingly, the Court
10   will not take any action on plaintiffs' request at this time.

12       Dated this 23rd day of December, 2020.

16   _____
17   J. Richard Creatura
     United States Magistrate Judge